UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEVONA McQUIRTER, ET AL.                        CIVIL ACTION

VERSUS                                           NO. 17-1370

NINA LEHMANN, ET AL.                             SECTION "R" (3)

## ORDER AND REASONS

Defendants move to stay proceedings or, in the alternative, to dismiss plaintiffs' claims.[1] The Court denies defendants' motion as to Plaintiff Devona McQuirter's claim. Construing the motion as to Plaintiff Joseph Campbell's claim as a motion for summary judgment, the Court will grant the motion unless any party files an objection within 14 days.

## I. BACKGROUND

This diversity case arises out of a motor vehicle accident between plaintiffs and Defendant Nina Lehmann on January 3, 2016. Plaintiffs were allegedly injured when Lehmann rear-ended Campbell's vehicle, in which McQuirter was a passenger.[2] Plaintiffs sued Lehmann, EAN Holdings, LLC, which owned Lehmann's rental car, and ACE American Insurance Company

---

[1] R. Doc. 13.
[2] R. Doc. 1 at 2-3; R. Doc. 1-6 at 5.

in state court on January 3, 2017.[3] Defendants removed the case to this Court on February 15, 2017, on the basis of diversity jurisdiction.[4] Plaintiffs voluntarily dismissed Lehmann on April 19, 2017.[5]

According to defendants, plaintiffs each agreed to settle their claims for $15,000 in August 2017.[6] Defendants contend that McQuirter agreed to voluntarily dismiss her claim as barred by Louisiana's no pay, no play statute after it was discovered that McQuirter lacked automobile insurance at the time of the accident.[7] *See* La. R.S. § 32:866. Plaintiffs' counsel has not yet filed a motion to dismiss. Defendants now move to stay proceedings or, in the alternative, to enforce its settlement agreement with Campbell and dismiss plaintiffs' claims.[8] Plaintiffs did not respond to defendants' motion.

## II. DISCUSSION

### A. Converting Defendants' Motion to Dismiss Campbell's Claim to a Motion for Summary Judgment

The Court construes defendants' request to enforce the settlement agreement and dismiss Campbell's claim as a motion for summary judgment.

---

[3]   R. Doc. 1-6 at 5.
[4]   R. Doc. 1.
[5]   R. Doc. 9.
[6]   R. Doc. 13-1 at 1.
[7]   *Id.*
[8]   R. Doc. 13.

In considering a motion to dismiss, a court typically must limit itself to the pleadings and their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But uncontested documents referred to in the pleadings may be considered by the court without converting the motion to one for summary judgment, even when the documents are not physically attached to the complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (finding that the district court properly considered documents not attached to the complaint in ruling on a Rule 12(c) motion). A court may also consider documents attached to a motion to dismiss without converting it to a summary judgment motion if the documents are referred to in the complaint and are central to the plaintiff's claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

In their motion to enforce the settlement agreement and dismiss Campbell's claim, defendants ask the Court to consider the signed settlement agreement itself. This document is not referred to in plaintiffs' complaint. When a party bases a motion to dismiss on matters outside the pleadings,

3

the court has discretion either to reject the extraneous material, or accept it and convert the motion to dismiss into a motion for summary judgment. *See Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988); 5C Wright & Miller, *Federal Practice and Procedure* § 1366 (3d ed. 2017). The Court finds that conversion to summary judgment will "facilitate the disposition of the action" by allowing the Court to resolve the question of whether a binding settlement agreement was reached. 5C Wright & Miller, *Federal Practice and Procedure* § 1366 (recognizing that a district court is likely to accept extra-pleading material and convert a motion to dismiss into a motion for summary judgment when the material is comprehensive and will enable a rational determination of a Rule 56 motion). Therefore, the Court will consider the settlement agreement attached to defendants' motion as material outside the pleadings and convert defendants' motion to dismiss into a motion for summary judgment.

If a motion to dismiss is converted into a motion for summary judgment, the nonmovant is entitled certain procedural safeguards. *See Isquith*, 847 F.2d at 195. Specifically, "[u]nder Rule 12(d), a district court may convert a motion to dismiss to a motion for summary judgment so long as it gives the parties a 'reasonable opportunity to present all the material that is pertinent to the motion.'" *Trinity Marine Prod., Inc. v. United States*,

4

812 F.3d 481, 487 (5th Cir. 2016) (quoting Fed. R. Civ. P. 12(d)). To ensure that all parties have proper notice, the Court will permit any party to file an opposition to summary judgment within 14 days of the entry of this order. If no party files an opposition, this order will become final.

### B. Summary Judgment

Based on the parties' settlement agreement, defendants are entitled summary judgment on Campbell's claim. Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a

material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for

6

trial. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

A district court has "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). Compromise agreements under Louisiana law require the parties' "mutual intention of putting an end to the litigation," and "reciprocal concessions of the parties in adjustment of their differences," *i.e.*, consideration. *Rivett v. State Farm Fire & Cas. Co.*, 508 So. 2d 1356, 1359 (La. 1987). Such agreements must also be in writing or recited in open court. *See* La. Civ. Code art. 3072.

Under the terms of the settlement agreement in this case, Campbell agreed to release defendants from all claims related to the accident in exchange for a payment of $15,000.[9] These terms clearly indicate both the parties' mutual intention to end litigation and consideration. *See, e.g.*, *Brown v. Drillers, Inc.*, 630 So. 2d 741, 747 n.5 (La. 1994) (noting that the "release of a claim executed in exchange for consideration received is, in

---

[9]    R. Doc. 13-4 at 1.

effect, a compromise"). Additionally, defendants delivered the settlement check on August 14, 2017.[10] Together, the release signed by Campbell and defendants' delivery of the settlement check satisfy the writing requirement under Louisiana law. *See Felder v. Ga. Pac. Corp.*, 405 So. 2d 521, 523 (La. 1981) (holding that "the release, signed by plaintiff, and defendant's $700.00 draft identified with the release, together constitute a compromise agreement in writing and signed by both parties"). Because defendants and Campbell entered into a binding settlement agreement, defendants are entitled summary judgment on Campbell's claim.

### B. McQuirter's Claim

Defendants also argue for a stay or, in the alternative, dismissal of McQuirter's claim. While there is no binding settlement agreement between defendants and McQuirter, defendants contend that her recovery is barred by Louisiana's no pay, no play statute. Under that statute, an individual who lacks compulsory car insurance may not recover the first $15,000 in injuries she sustains from a motor vehicle accident. La. R.S. § 32:866(A)(1). But this provision does not apply to a passenger like McQuirter. *Id.* § 32:866(E) ("Nothing in this Section shall preclude a passenger in a vehicle from asserting a claim to recover damages for injury, death, or loss which he

---

10      R. Doc. 13-1 at 2; R. Doc. 13-3 at 1.

occasioned, in whole or in part, by the negligence of another person arising out of the operation or use of a motor vehicle."). Thus, McQuirter's claim should not be dismissed because of the no pay, no play statute. Defendants offer no other reason to stay the proceedings as to McQuirter's claim. The Court will therefore deny defendants' motion as to this claim.

## III. CONCLUSION

For the foregoing reasons, the Court construes defendants' motion to dismiss Campbell's claim as a motion for summary judgment, and GRANTS the motion unless any party objects within 14 days. The Court DENIES defendants' motion to stay the proceedings or, in the alternative, dismiss McQuirter's claim.

New Orleans, Louisiana, this __28th__ day of December, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE